

**NORINSBERG LAW**

Jon L. Norinsberg
John J. Meehan

Diego O. Barros
Erica M. Meyer

110 East 59th Street
Suite 2300
New York, NY 10022

69-06 Grand Avenue
3rd Floor
Maspeth, NY 11378
erica@norinsberglaw.com

July 15, 2024

**VIA ELECTRONIC MAIL**
Honorable Jessica G. L. Clarke
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007



**MEMO ENDORSED**

> **Re:** ***Steven Reyes Juarez v. NYCL Acquisition LLC, New York Cruise Lines, Inc., and New York Water Taxi, LLC***
> ***Dkt. No.: 1:23-cv-09103-JGLC-SDA***

Your Honor:

We represent Plaintiff, Steven Reyes Juarez, in a Seaman's case under the Jones Act for personal injuries against Defendants NYCL Acquisition LLC, New York Cause Lines, Inc., and New York Water Taxi, LLC (collectively hereinafter "Defendants"). I write now pursuant to Your Honor's rules regarding discovery disputes as well as Local Rule 37.2.

## I. PLAINTIFF'S ARGUMENT

On May 21, 2024, Defendants' office served responses to Plaintiff's First Set of Document Demands and Interrogatories. In response to Document Demand Number 3, Witness Statements, Defendants' refused to provide responsive information, stating that *"Defendants object to this request insofar as it calls for the production of statements that are protected from production by the attorney work-product doctrine or otherwise prepared in anticipation of litigation. Without waiver of any objection, Defendants have obtained statements from certain crew members that are protected by the work-product doctrine. Defendants reserve the right to amend this response."* Defendants response did not include a privilege log.

On May 23, 2024, Plaintiff served a Deficiency Letter on Defendants, noting that their response to Document Demand Number 3 was deficient, and requested that Defendants supplement their response with the witness statements as they waived their right to privilege by failing to assert a privilege log. On June 10, 2024, the parties had a meet and confer in which

Defendants expressed they would not be providing the statements, but would provide a privilege log. On June 25, 2024, Defendants finally served a privilege log.

In their privilege log, Defendants lodged a series of boilerplate "privilege" objections , (1) privileged attorney work product and (2) privileged document prepared in anticipation of or in relation to litigation. Defendants also identified the following documents,

1. Witness statement of Chrishauno Roach dated October 31, 2023. This document was authored by Chrishauno Roach, a deckhand on the subject vessel on the date of the subject event, and prepared with counsel Daniel J. Fitzgerald, Esq. The recipient of this document was counsel Daniel J. Fitzgerald, Esq. The subject matter of the document is the author's recollections regarding the incident and alleged condition which is the subject of the instant litigation. (Privileges: B, C.)

2. Witness statement of Luis Sabino dated November 1, 2023. This document was authored by Luis Sabino, a line catcher on the subject vessel on the date of the subject event, and prepared with counsel Daniel J. Fitzgerald, Esq. The recipient of this document was counsel Daniel J. Fitzgerald, Esq. The subject matter of the document is the author's recollections regarding the incident and alleged condition which is the subject of the instant litigation. (Privileges: B, C.)

Plaintiff now writes to Your Honor requesting that Defendants be directed to produce the witness statement of Chrishauno Roach and Luis Sabino, two key witnesses to Plaintiff's accident.

## A. **Plaintiff is Entitled to Witness Statements**

Under Fed. R. Civ. P. 26(b)(1), a party has the right to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Relevance "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978); Green v. Cosby, 314 F.R.D. 164, 171 (E.D. Pa. 2016). The scope of discovery in this matter therefore encompasses any nonprivileged matter related to any of the parties claims of defenses.

It is well settled that "[a] party objecting to a discovery request must specifically state the grounds for its failure to respond. Gregory v. Gregory, No. 15 Civ. 0320 (WHW)(CLW), 2016 U.S. Dist. LEXIS 144554, at *8-9 (D.N.J. Oct. 18, 2016) (citing Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)). The objecting party must further specifically identify any responsive materials that are being withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(C); Scranton Products, Inc. v. Bobrick Washroom Equip., Inc., 190 F. Supp. 3d 419 (M.D. Pa. 2016).

2

**B.** **Defendants Improperly Objected to Providing Witness Statements.**

Defendants have improperly objected to Plaintiff's demand for witness statements in responding to Plaintiff's document and interrogatory demands. Defendants noted they obtained statements from certain crew members, and alleged this information was protected under attorney work-product. In doing so, Defendants failed in their initial response to provide sufficiently descriptive information as well as a privilege log. "Failing to include sufficiently descriptive information may result in waiver of the privilege." Lopez v. City of New York, 2007 U.S.Dist.LEXIS 19696 at *10 (E.D.N.Y. 2007), (citing OneBeacon Ins. Co. v. Forman Int'l, Ltd., No. 04 Civ. 2271, 2006 U.S.Dist.LEXIS 90970, 2006 WL 3771010 at 6 (S.D.N.Y. 2006) ("Courts in this Circuit have refused to uphold a claim of privilege where privilege log entries fail to provide adequate information to support the claim.")).

Moreover, "failing to timely provide a privilege log may also result in waiver." Lopez, 2007 U.S.Dist.LEXIS 19696 at *10 (citing Smith v. Franklin Hosp. Medical Center, No., 04-CV-3555, 2005 WL 2219294 at 2 (E.D.N.Y. 2005)). Accordingly, "failure to comply with the explicit requirements of Rule 26 will be considered presumptive evidence that the claim of privilege is without factual or legal foundation." Grossman v. Schwarz, 125 F.R.D. 376, 386-87 (S.D.N.Y. 1989).

Additionally, "work-product immunity is a qualified protection," and "Rule 26(b)(3) authorizes disclosure – at least of materials that do not include the 'mental impressions, conclusions, opinions or legal theories of an attorney…" Malletier v. Dooney & Bourke, Inc. No 04 Civ. 5316, 2007 U.S.Dist.LEXIS 2933, 2007 WL 54588 at 1 (S.D.N.Y. 2007).

Witness statements are in fact discoverable, as they often allow parties to ascertain information from witnesses when events surrounding an incident are fresh in their mind. "A prior statement by a witness…will provide plaintiffs with a critical piece of material…The fact that plaintiffs' counsel were able to depose the witness does not obviate the need for the statement." Johnson v. Bryco Arms, 2005 U.S.Dist.LEXIS 48587, 2005 WL 469612 at 13 (E.D.N.Y. 2005).

Here, the witness statements are critical to the claims and defenses in this action. First and foremost, witnesses to Plaintiff's accident are critical, as it is vital for Plaintiff to ascertain what both Chrishauno Roach and Luis Sabino saw on the date of Plainitff's accident as it relates to the happening of the accident and the events that unfolded immediately afterwards. Moreover, as these witness statements were given closer in time to the subject accident they will allow Plaintiff to ascertain details when they were fresh in the witnesses mind. Lastly, Plaintiff specifically alleges Luis Sabino was present at the time of the accident and physically assisted him immediately following the subject accident. Accordingly, both witness statements are critical pieces of evidence.

Further, Defendants did not initially provide a privilege log, only doing so in response to Plaintiff's deficiency letter, and in effect have now waived their privilege. FG Hemisphere Assocs.

V. Du Congo, No. 01 Civ. 8700, 2005 U.S.Dist.LEXIS 3523, 2005 WL 545218 at 6 (S.D.N.Y. 2005) ("As other judges in this District and I have repeatedly held, the unjustified failure to list privileged documents on the required log of withheld documents in a timely and proper manner operates as a waiver of any applicable privilege").

Lastly, the party asserting work product protection "bears the burden of establishing its applicability." Wultz v. Bank of China Ltd. 304 F.R.D. 384, 394, 2015 U.S.Dist.LEXIS 8605 (S.D.N.Y. 2015). Moreover, "the work product doctrine does not apply to 'documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation…[e]ven if such documents might also help in preparation for litigation…" United States v. Adlman, 134 F.3d 1194, 1202, 1998 U.S.App.LEXIS 2663 (2d Cir. 1998).  While Defendants have nominally asserted a "work product" privilege, they have utterly failed to establish a proper foundation for the invocation of this privilege.

## C. Conclusion

Accordingly, Defendants have failed to meet their burden of establishing the applicability of the work product doctrine. Moreover, Defendants waived their right to privilege entirely as they failed to provide a privilege log in response to Plaintiff's demands, and did so only after Plaintiff served a deficiency letter and requested a meet and confer. As such, Defendants should be directed to provide Plaintiff with the two pertinent witness statements.

## II. DEFENDANTS' ARGUMENT

We represent Defendants, NYCL Acquisition LLC, New York Cruise Lines, Inc., and New York Water Taxi, LLC ("Defendants") in the forementioned matter. We write to include our resposnes to Plaintiff's arguments pursuant to Your Honor's rules regarding discovery disputes. As will be explained herein, Plaintiff has failed to show his substantial need for the privileged documents at issue and Defendants have not waived the right to privilege of such documents.

## A. The Witness Statements Are Protected Under the Work Product Privilege.

Under Fed. R. Civ. P. 26(b)(1), a party has the right to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense *and* proportional to the needs of the case. Henry v. Morgan's Hotel Grp., Inc., No. 15-1789, 2016 U.S. Dist. LEXIS 8406, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (*emphasis added*). Relevance under the rule is construed broadly; however, the addition of the proportionality requirement in 2015 is intended to discourage discovery overuse by analyzing proportionality prior to ordering production of relevant information. Id.

Under Fed. R. Civ. P. 26(b)(3), a party may not discover documents that are prepared in antitipation of litigation by or for another party or its representative. The party asserting work-product privilege must show that the material it seeks to protect (1) was prepared in anticipation

of litigation and (2) was prepared by or for a party, or by his representative. <u>Schaeffler v. United States</u>, 22 F. Supp. 3d 319, 334-35 (S.D.N.Y. 2014) (quotation marks and citations omitted).

Here, the witness statements identified by Defendants were prepared in anticipation of litigation, as they clearly resulted "from the conduct of 'investigative or analytical tasks to aid counsel in preparing for litigation.'" <u>Wultz</u>, 304 F.R.D. at 394 (internal citation omitted). Further, "witness statements prepared or obtained in anticipation of litigation are generally entitled to protection under Rule 26(b)(3)." *See* <u>Stokes v. City of N.Y.,</u> 2006 U.S. Dist. LEXIS 50480, at *4 (E.D.N.Y. July 24, 2006) (citing <u>Brock v. Frank V. Panzarino, Inc</u>., 109 F.R.D. 157, 159-60 (E.D.N.Y. 1986); <u>Falck v. E.A. Karay Co</u>., 131 F.R.D. 46, 49 (S.D.N.Y. 1990)). The statements in question were prepared with the assistance of, and directed to, counsel and were related to the investigative fact-finding process that routinely occurs during the initial stages of litigation. Gathering facts related to the alleged incident is certainly within the scope of litigation, as it is the only way for counsel to be able to properly prepare clients for the litigation ahead and to structure a legal strategy. Therefore, the witness statements obtained by counsel for Defendants are clearly protected by the work-product privilege.

## B. <u>Defendants Did Not Flagrantly Violate Fed. R. Civ. P. 26(B)(5) Or Local Civil Rule 26.2.</u>

Defendants do not dispute that a privilege log was not sent with the May 21, 2024 responses to Plaintiff's First Set of Document Demands and Interrogatories. However, the failure to do so does not give rise to a "flagrant violation" of the Rules, as the privilege log in this instance was instead produced mere weeks after the original service of the responses and after the parties had met and conferred regarding the issue.

The unjustifiable failure to timely provide a privilege log *may* operate as a wavier of any applicable privilege. <u>Robinson v. De Niro</u>, No. 19-CV-9156 (LJL) (KHP), 2022 U.S. Dist. LEXIS 42101, at *8 (S.D.N.Y. Mar. 9, 2022) (*emphasis added*). However, "only flagrant violations require such an outcome". <u>Universal Standard Inc. v. Target Corp</u>., 331 F.R.D. 80, 85 (S.D.N.Y. 2019); <u>Pem-America, Inc. v. Sunham Home Fashions</u>*,* 2007 U.S. Dist. LEXIS 80548, at *5 (S.D.N.Y. Oct. 30, 2007). It has been found that the failure to provide a privilege log alone does not warrant a waiver of a privilege. *See* <u>Pem-Am., Inc. v. Sunham Home Fashions, LLC</u>*,* No. 03 CIV. 1377, 2007 U.S. Dist. LEXIS 80548, 2007 WL 3226156, at *2 (S.D.N.Y. Oct. 31, 2007) ("[F]ailure to provide a privilege log alone does not warrant a waiver of the attorney-client privilege.")*;* <u>Oliver v. Am. Express Co</u>*.,* No. 19-CV-566-NGG-SJB, 2022 U.S. Dist. LEXIS 149681, at *10 (E.D.N.Y. Aug. 12, 2022) ("[W]hen parties, in response to a document request, indicate they are not producing privileged documents, the failure to provide a log does not result in an automatic waiver of the privilege").

Plaintiff relies on <u>Lopez</u> and <u>FG Hemisphere Assocs</u>. (supra) to support his assertion that Defendants have waived the privilege in failing to provide a privilege log in a timely manner. However, these cases present flagrant violations of the Rules and are wholly distinguishable. In

FG Hemisphere Assocs., the defendant failed to produce a privilege log for over two years, despite representations otherwise, multiple meet and confers and a discovery order. 2005 U.S. Dist. LEXIS 3523, at *20. Likewise, in Lopez, the plaintiff served her privilege log more than seven months after required and after two motions to compel. 2007 U.S. Dist. LEXIS 19694, at *12. Here, Defendants produced an adequate privilege log only two weeks after the parties met and conferred regarding the issue, absent any motion practice or violation of discovery order.

Additionally, courts routinely find that some tardiness is excusable. *See* Pem-America, Inc. at *5 (finding that a short delay in producing a privilege log was not a flagrant violation "especially considering there [was] not a discovery deadline set"); *Robinson* at *12 (S.D.N.Y. Mar. 9, 2022) (finding that the defendants did not commit flagrant violation when they ultimately produced a privilege log prior to depositions, met and conferred to provide clarifying information and reviewed their log based on the plaintiff's objections); Abrahami v. Meister Seelig & Fein LLP, 2023 U.S. Dist. LEXIS 29664, at *11 (S.D.N.Y. Feb. 22, 2023)("courts have endorsed a flexible approach in assessing waiver in this context and will evaluate the circumstances of the privilege claim and the specifics of the log, among other factors"). Plaintiff has not otherwise shown that he is prejudiced by the delayed production of the privilege log produced a mere one month after responses. There is ample time for Plaintiff to review the log prior to further party depositions and prior to the close of fact discovery on November 4, 2024. In this instance as in other facets of this litigation, Defendants have acted in good faith and the timing of their production of the privilege log hardly constitutes the flagrant violation necessary to warrant a waiver of the applicable privilege.

### C. **Plaintiff Has Not Demonstrated A Substantial Need for the Statements**.

The party requesting disclosure of materials protected under F.R.C.P. 26(b) must show that it has a substantial need for the materials and cannot, without undue hardship, obtain their substantial equivalent by alternative means. Fed. R. Civ. P. 26(b)(3), A substantial need exists "where the information sought is essential to the party's defense, is crucial to the determination of whether the defendant could be held liable for the acts alleged, or carries great probative value on contested issues". Monterey Bay Military Hous., LLC v. Ambac Assurance Corp., 2023 U.S. Dist. LEXIS 9646, at *32 (S.D.N.Y. Jan. 19, 2023) (international citations omitted).

Defendants do not dispute Plaintiff's statement that witnesses to the alleged accident are relevant to the litigation. However, Plaintiff has failed to show how a substantial need for the witness statements themselves exists. A claim that the statements are "critical pieces of evidence," without an explanation as to why, is insufficient to overcome the work-product privilege. *See* United States SEC v. Collector's Coffee Inc., 337 F.R.D. 70, 79 (S.D.N.Y. 2020) (finding that assertions that interview notes are "important piece[s] of evidence" alone are insufficient to overcome the protection as "relevancy alone is not enough to establish substantial need.")

Additionally, Plaintiff's argument fails as an obvious substantial equivalent exists in the form of deposition testimony. Plaintiff's neglects to mention above that the parties are actively

614305.1

making efforts to schedule the respective depositions of the witnesses who prepared the subject statements and it is fully expected that the depositions will be completed within the next 30 to 60 days. It has been widely held that "fact work product material should be protected 'if the party seeking discovery is able to obtain the desired information by taking the deposition of witnesses.'" Stokes, 2006 U.S. Dist. LEXIS 50480, at *6; Brock, 109 F.R.D. at 160.[1] Although some courts have found that witness statements are discoverable, these situations have typically arisen where there has been found to be a gap in memory or where "notes may show testimony that differs from that which is expected at trial." United States SEC v. Collector's Coffee Inc., 337 F.R.D. 70, 79 (S.D.N.Y. 2020) (citing Johnson v. Bryco Arms, 2005, U.S. Dist. LEXIS 48587, 2005 WL 469612, at *5 (E.D.N.Y. Mar. 1, 2005).[2] Here, the witnesses who entered the subject statements are being timely produced for deposition. In light of the fact that Plaintiff will have the opportunity to question the witnesses directly, Plaintiff fails to offer any explanation as to why a substantial need for the statements exists.

For the following reasons, Defendants maintain that the witness statements in question are protected by the work-product privilege.

The parties thank the Court for its consideration of this matter.

The Court has reviewed the parties' submission and denies Plaintiff's motion without prejudice. The witness statements prepared by counsel in anticipation of litigation are work product privileged. See *Lopez v. City of New York*, No. 05-CV-3624, 2007 WL 869590, at *2 (E.D.N.Y. Mar. 20, 2007). The Court also agrees, for the reasons stated in Defendants' portion of the letter, that Defendants did not waive the privilege by their relatively short delay in producing a privilege log, and Plaintiff has not yet demonstrated a substantial need for the documents. The Clerk of Court is directed to terminate ECF No. 18.

Respectfully submitted,

Erica M. Meyer, Esq.
Jon L. Norinsberg, Esq., PLLC
*Attorneys for Plaintiff*

Daniel J. Fitzgerald, Esq.
FREEHILL HOGAN & MAHAR LLP
*Attorneys for Defendants*

Dated: July 16, 2024
       New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

---

[1] *See also* In re Int'l Sys. & Controls Corp., 693 F.2d 1235, 1241 (5th Cir. 1982); Garnier v. Illinois Tool Works, *Inc.*, 2006 U.S. Dist. LEXIS 28370, (E.D.N.Y. May 4, 2006); A.I.A. Holdings, S.A. v. Lehman Brothers, Inc., 2002 U.S. Dist. LEXIS 20107 (S.D.N.Y. Oct. 21, 2002).
[2] *See also* Varuzza by Zarrillo v. Bulk Materials, Inc., 169 F.R.D. 254, 257 (N.D.N.Y. 1996) (ordering disclosure of witness statement where deposition had already occurred and witness was unable to recall many events and defendants required the statement to fill in the gaps and for impeachment).

614305.1