

| | |
|---|---|
| Jon L. Norinsberg<br>John J. Meehan | 110 East 59th Street<br>Suite 2300<br>New York, NY 10022 |
| Diego O. Barros<br>Erica M. Meyer | 69-06 Grand Avenue<br>3rd Floor<br>Maspeth, NY 11378<br>erica@norinsberglaw.com |

October 31, 2024

**VIA ECF**
Honorable Jessica G. L. Clarke
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007



 Re: *Steven Reyes Juarez v. NYCL Acquisition LLC, New York Cause Lines, Inc., and New York Water Taxi, LLC*
 Case No.: 23 Civ. 09103 (JGLC)

Your Honor,

 We represent Plaintiff, Steven Reyes Juarez, in a maritime case under the Jones Act for personal injuries against Defendants NYCL Acquisition LLC, New York Cause Lines, Inc., and New York Water Taxi, LLC (collectively hereinafter "Defendants"). We write now in response to the letter submitted by defense counsel, Daniel Fitzgerald, Esq., seeking to quash the subpoena the deposition of Austin Cruz ("Mr. Cruz"). (Docket No. 20). We write further to respectfully request a brief extension of the fact discovery deadline, from November 4, 2024, to November 18, 2024, for the limited purpose of taking the deposition of Mr. Cruz. Defendants object to this request for the reasons set forth in their motion to quash. (Dkt. No. 20).

 At the outset, it should be noted that fact discovery is largely complete, as seven (7) depositions have been conducted, including four (4) on behalf of Defendants, Plaintiff himself, and two (2) non-party witnesses on behalf of Plaintiff. Further, Plaintiff has exchanged (7) expert witnesses and is in the process of scheduling an expert deposition on behalf of Plaintiff liability expert.

 The sole remaining witness who needs to be deposed is non-party witness Austin Cruz, an employee of Defendants. Accordingly, on October 19, 2024, our office served a subpoena on Mr. Cruz, for a virtual deposition on November 1, 2024. See **Exhibit "A,"** Subpoena and Affidavit of Service. On October 29, 2024, Defendants' counsel advised that they would investigate if they could produce Mr. Cruz for November 7, 2024, and requested our office to confirm our availability, which we did. See **Exhibit "B,"** Email Exchange. Notably, Defendants did not raise

any objection to the timing of the subpoena, nor to its propriety. It is only now, after our office confirmed our availability to proceed on November 7, 2024 (in lieu of our preferred date of November 1, 2024), that Defendants have raised their objection to the subpoena. Defendants' belated objection is meritless and should be rejected by the Court.

### A. *Defendants' Motion to Quash Plaintiff's Subpoena Should be Denied in its Entirety.*

Federal Rules of Civil Procedure 45 does not define a "reasonable time to comply," and courts in this circuit have found fourteen days to be "presumptively reasonable," whereas notice of a week or less has generally been considered unreasonable. Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC, 2020 U.S.Dist.LEXIS 145596 at *5 (S.D.N.Y. Aug. 13, 2020). Here, Plaintiff provided thirteen (13) days of notice, solely because Plaintiff's process server was unable to effectuate service the day before. Undoubtedly, the thirteen (13) day period here is more similar in time to the presumptively reasonable fourteen (14) day notice period, as opposed to the cases relied upon by Defendants with a four (4) day or nine (9) day notice period, which courts have found to not be reasonable. Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC, 2020 U.S.Dist.LEXIS 145596 at *5 (S.D.N.Y. Aug. 13, 2020) (holding four-day notice did not afford the witness a reasonable time to comply); Brown v. Hendler, 2011 U.S.Dist.LEXIS 9476 at *5 (S.D.N.Y. Jan. 31, 2011) (holding nine days before scheduled deposition was not reasonable time to comply). Accordingly, Defendant's belated objection to the service of the subpoena on Mr. Cruz should be rejected, and Plaintiff should be permitted to take Mr. Cruz's deposition by November 4, 2024.

Moreover, Defendants have failed to demonstrate an undue burden to produce Mr. Cruz, or any prejudice in doing so. On a motion to quash, "the party issuing the subpoena must demonstrate that the information sought is relevant and material to allegations and claims at issue in the proceedings." Angelo, Gordon & Co., L.P. v MTE Holdings, LLC, 2020 U.S.Dist.LEXIS 145596 at *4 (S.D.N.Y. Aug. 13, 2020). Upon establishing relevance, "the movant bears burden of demonstrating an undue burden." Griffith v. United States, 2007 U.S.Dist.LEXIS 36672 at *4 (S.D.N.Y. Apr. 24, 2007). The determination of whether a subpoena imposes an "undue burden" is committed to the discretion of the trial court. Griffith at *4. Moreover, "Failure to provide advance notice…is not always a basis to quash a subpoena. Many courts require the objecting party also to demonstrate prejudice." Morocho v. Stars Jewelry by The A Jeweler Group, 345 F.R.D. 292 at 294 (S.D.N.Y. Feb. 7, 2024).

Here, Defendants served a privilege log on October 2, 2024, which stated they had obtained a witness statement on behalf of an "Austin Palagot." Upon investigation, Plaintiff determined that "Austin Palagot" was "Austin Cruz." Upon information and belief, Mr. Cruz was the sole employee who complained about the barge, specifically the ropes and clips on the barge that contributed to Plaintiff's accident, prior to its occurrence. Undoubtedly, his testimony is crucial, relevant and material to the allegations and claims at issue. Moreover, as Your Honor previously held that these witness statements are protected by work product privilege, See Dkt. No. 17, the only way Plaintiff can obtain the necessary information from Mr. Cruz is through a deposition. Defendants, who have failed to demonstrate an undue burden or prejudice in their motion to quash, will not be the ones negatively affected if Mr. Cruz does not testify. Rather, it is Plaintiff who will

suffer prejudice without access to Mr. Cruz's testimony. As such, Defendants' motion to quash Plaintiff's subpoena should be denied in its entirety.

In the alternative, should the Court choose to grant Defendants' motion and quash the subject subpoena, Plaintiff respectfully requests that the Court extend the deadline for fact discovery from November 4, 2024 to November 18, 2024, so that Plaintiff may serve a new subpoena on Mr. Cruz and take his deposition on or before November 18, 2024.

We thank the court for its time and consideration of this request.

Sincerely,

Erica M. Meyer, Esq.

The parties are directed to meet and confer regarding a deposition date that works for all counsel and the deponent. The Court also grants Plaintiff's discovery extension request from November 4, 2024 to November 18, 2024 solely for the purpose of taking this deposition. If any dispute remains, the parties are directed to file a joint letter regarding this dispute as required by the Court's Individual Rules. The Clerk of Court is respectfully directed to terminate ECF No. 20.

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

Dated: November 1, 2024
       New York, New York